# UNITED STATES DISTRICT COURT
# DISTRICT OF NEBRASKA

| | |
|---|---|
| ZACH HILLESHEIM,<br><br>*Plaintiff*,<br><br>v.<br><br>SHREEJI, LLC,<br><br>*Defendant*. | Case No. _____<br><br><br>**COMPLAINT**<br><br>**Injunctive Relief Sought** |

Plaintiff Zach Hillesheim, by and through the undersigned counsel, brings this action against Shreeji, LLC, a Nevada limited liability company, for violations of the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq.* (the "ADA") and its implementing regulations, and allege as follows:

## INTRODUCTION

1.     Plaintiff brings this civil rights action against Defendant for failing to design, construct, and/or own or operate facilities that are fully accessible to, and independently usable by, persons with disabilities. Defendant has failed to remove architectural barriers in the hotel known as "Econo Lodge", even though such removal is readily achievable.

2.     The violations alleged in this complaint occurred at "Econo Lodge", located at 2503 Plum Creek Parkway, Lexington, NE 68850.

3.     Defendant's failure to provide equal access to "Econo Lodge" violates the mandates of the ADA to provide full and equal enjoyment of a public accommodation's goods, services, facilities, privileges, and advantages.

- 1 -

4.      Defendant's conduct constitutes an ongoing and continuous violation of the law.

5.      Accordingly, Plaintiff seeks a declaration that Defendant's facilities violate federal law and an injunction requiring Defendant to make modifications to the facilities so that they are fully accessible to, and independently usable by, individuals with disabilities. Plaintiff further requests that the Court retain jurisdiction over this matter for a period to be determined to ensure that Defendant continues to comply with the relevant requirements of the ADA.

## JURISDICTION AND VENUE

6.      Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1343(a)(3). This action includes federal law claims brought pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181–12189. The Court has the jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed R. Civ. P. 57.

7.      Venue in this judicial district is proper because Defendant is located and transacts business within this judicial district and has sufficient contacts to be subject to personal jurisdiction in this judicial district, and because this is the judicial district in which the acts and omissions giving rise to the claims occurred.

## PARTIES

8.      Plaintiff Zach Hillesheim is a resident of Omaha, Nebraska. Before moving to Omaha in 2017, Plaintiff often traveled between Minnesota and Omaha with his girlfriend, who grew up in Omaha. He is planning to attend his girlfriend's family reunion near Lexington, Nebraska in the summer of 2017, and requires an accessible room to attend the event.

- 2 -

9.    Plaintiff suffers from, and all times relevant hereto has suffered from, a legal disability as defined by the ADA, 42 U.S.C. § 12102(2). Plaintiff is therefore a member of a protected class under the ADA, under the regulations implementing the ADA set forth at 28 C.F.R. § 36.101 *et seq*.

10.    Plaintiff Hillesheim was paralyzed as an infant while undergoing surgery to address a congenital heart defect. During the surgery, his spine was severed, paralyzing him below the waist. Mr. Hillesheim cannot walk and uses a wheelchair for mobility. As a person with a disability, Mr. Hillesheim has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

11.    Defendant Shreeji, LLC, a Nevada limited liability company, is the owner and lessor of the real property and improvements which are the subject of this action, the hotel known as "Econo Lodge", a place of public accommodation within the meaning of the ADA, located at the street address of 2503 Plum Creek Parkway, Lexington, NE 68850.

## FACTUAL BACKGROUND

12.    On June 3, Plaintiff Hillesheim attempted to reserve a wheelchair accessible room at the hotel known as "Econo Lodge" in Lexington, Nebraska.

13.    Plaintiff and his girlfriend wished to stay at this hotel later in the summer of 2017 while attending a nearby family gathering. Plaintiff's girlfriend's family has gatherings in the Lexington, NE area approximately 1-2x a year.  Plaintiff and his girlfriend intend to attend family gatherings in the Lexington, NE area approximately once a year, and will likely need lodging for each visit.

14.     Plaintiff researched the hotel on www.booking.com, the official hotel web-
site at https://www.choicehotels.com/nebraska/lexington/econo-lodge-hotels/ne058, and
through a phone call to the hotel.

15.     All three sources confirmed that "Econo Lodge" did not have any rooms
with mobility features for people who have disabilities.

16.     An image in Exhibit A to this Complaint depicts the "Econo Lodge" offi-
cial website showing zero accessible rooms, as it appeared on June 6, 2017.

17.     Additionally, based on photographs from the "Econo Lodge" website,
Plaintiff found that the registration desk did not have a lower section suitable for some-
one who uses a wheelchair.

18.     An image in Exhibit B to this Complaint depicts the "Econo Lodge" regis-
tration desk as it appeared on the "Econo Lodge" website on June 6, 2017.

19.     In light of the architectural barriers at "Econo Lodge", Plaintiff Hillesheim
is deterred from visiting "Econo Lodge" in the future. Plaintiff Hillesheim would like to
make a reservation at "Econo Lodge" to patronize the facility, but these architectural bar-
riers deter him from doing so. He plans to patronize "Econo Lodge" when he learns that
the premises have been made fully accessible to persons who use wheelchairs for mobili-
ty.

20.     Plaintiff Hillesheim lives in Omaha and travels throughout Nebraska to vis-
it his girlfriend's family. Lexington is the nearest larger city to several of Plaintiff's girl-
friend's relatives. He would enjoy being able to patronize Defendant's hotel.

21.     Plaintiff Hillesheim attempted to access Defendant's premises, but could
not do so independently on a full and equal basis because of his disabilities, due to the
physical barriers to access and violations of the ADA that exist at Defendant's premises.
As a result of Defendant's non-compliance with the ADA, Plaintiff Hillesheim cannot

independently access the facilities and/or is excluded from full and equal enjoyment of the goods, services, privileges, advantages, and/or accommodations offered therein.

## THE ADA AND ITS IMPLEMENTING REGULATIONS

22.     On July 26, 1990, President George H.W. Bush signed into law the ADA, 42 U.S.C. § 12101, *et seq.*, a comprehensive civil rights law prohibiting discrimination on the basis of disability. In its findings, Congress determined that, among other things:

a.  Some 43 million Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole grows older;

b.  Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, discrimination against individuals with disabilities continues to be a serious and pervasive social problem;

c.  Discrimination against individuals with disabilities persists in such critical areas as employment, public housing accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

d.  Individuals with disabilities continually encounter various forms of discrimination; and

e.  The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our society is justly famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. § 12101(a)(1)–(3), (5), (9).

23. Congress explicitly stated that the purpose of the ADA was to:

   a. Provide a clear and comprehensive mandate for the elimination of discrimination against individuals with disabilities;

   b. Provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

   c. Invoke the sweep of congressional authority, including the power to enforce the Fourteenth Amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by individuals with disabilities.

42 U.S.C. § 12101(b)(1), (2), (4).

24. Title III of the ADA prohibits discrimination in the activities and facilities of places of public accommodation, and requires places of public accommodation to comply with ADA standards and to be readily accessible to, and independently usable by, individuals with disabilities. 42 U.S.C. § 12181–89.

25. The ADA provided places of public accommodation one and one half years from its enactment to implement its requirements. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a business had 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 2181; 28 C.F.R. § 36.508(a).

26. Pursuant to the mandates of 42 U.S.C. § 12134(a), the Department of Justice ("DOJ") promulgated federal regulations to implement the requirements of Title III of the ADA, which are codified at 28 C.F.R. Part 36. Appendix A of the 1991 Title III regulations (republished as Appendix D to 28 C.F.R. Part 36) contains the ADA Standards for Accessible Design, which were based upon the ADA Accessibility Guidelines ("1991 ADAAG") published by the Access Board on the same date. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26,

- 6 -

1993 if a business had 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181, *et seq.*; 28 C.F.R. § 36.508(a).

27.     In 1994, the Access Board began the process of updating the 1991 ADAAG by establishing a committee composed of members of the design and construction industries, the building code community, and State and local government entities, as well as individuals with disabilities.

28.     In 1999, based largely upon the report and recommendations of the advisory committee, the Access Board issued a notice of proposed rulemaking to update and revise the 1991 ADAAG.

29.     The Access Board issued final publication of revisions to the 1991 ADAAG on July 3, 2004.

30.     On September 30, 2004, the DOJ issued an advance notice of proposed rulemaking to begin the process of adopting the 2004 ADAAG revisions.

31.     On June 17, 2008, the DOJ published a notice of proposed rulemaking covering Title III of the ADA.

32.     The extended process of revising the 1991 ADAAG culminated with the DOJ's issuance of the 2010 Standards for Accessible Design ("2010 Standards"). The 2010 Standards incorporated the revised 2004 ADA Accessibility Guidelines ("ADAAG"), as well as the requirements contained in subpart D of 28 C.F.R. Part 36. The DOJ published the Final Rule detailing the 2010 Standards on September 15, 2010. The 2010 Standards became effective on March 15, 2011.

## FACTUAL ALLEGATIONS

33.     Defendant has discriminated against Plaintiff on the basis of his disabilities by failing to comply with the requirements of the ADA and the ADAAG with regard to "Econo Lodge". A specific, though not exclusive, list of unlawful physical barriers and

ADA violations present at "Econo Lodge" which limit the ability of persons in wheel-chairs to access the facilities and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, includes the following:

      a. "Econo Lodge" had 0 hotel rooms with mobility features, in violation of ADAAG 224.2. Plaintiff uses a wheelchair for mobility and requires an accessible hotel room to have an acceptable experience.

      b. Upon information and belief, the "Econo Lodge" registration desk did not have a section no taller than 36 inches, in violation of ADAAG 227.1 and 904.4. Plaintiff requires an accessible surface to independently conduct transactions.

34.    The above listing is not to be considered all-inclusive of the barriers and violations of the ADA encountered by Plaintiff or which exist at "Econo Lodge".

35.    In order to fully remedy the discriminatory conditions, Plaintiff requires an inspection of "Econo Lodge" in order to photograph and measure all such barriers to access and violations of the ADA and the ADAAG.

36.    Compliance with the ADA standards and the ADAAG is required by 42 U.S.C § 12182(b)(2)(A)(iv) because removal of architectural barriers is readily achievable. Compliance with the ADA standards and the ADAAG is readily achievable by Defendant due to the lack of difficulty and low cost of remedying the above-listed barriers. Some of the above-listed violations can be remedied through the same measures prescribed by federal regulation as examples of modifications that are "readily achievable", including, but not limited to, installing grab bars. 28 C.F.R. § 36.304(b).

37.    Compliance is also readily achievable due to the significant assistance available to businesses. Section 44 of the IRS Code allows a Disabled Access tax credit for small businesses with 30 or fewer full-time employees or with total revenues of $1

million or less, which is intended to offset the cost of undertaking barrier removal and alterations to improve accessibility. Section 190 of the IRS Code provides a tax deduction for businesses of all sizes for costs incurred in removing architectural barriers, up to $15,000. *See* ADA Update: A Primer for Small Business, http://www.ada.gov/regs2010/smallbusiness/smallbusprimer2010.htm#tax (Mar. 16, 2011).

38.     As a person with a disability, Plaintiff Hillesheim has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

39.     Without injunctive relief, Defendant's failure to remove accessibility barriers will continue to cause injury to Plaintiff, who will continue to be unable to independently access "Econo Lodge" and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, in violation of his rights under the ADA.

## FIRST CAUSE OF ACTION
### Violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*

40.     Plaintiff incorporates and realleges the above paragraphs.

41.     Section 302(a) of Title III of the ADA, 42 U.S.C. §§ 12101 *et seq.*, provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42.     Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from

- 9 -

the goods, services, facilities, privileges, advantages, or accommodations that is equal to the opportunities afforded to other individuals.

43.     Defendant has discriminated against Plaintiff and others in that it failed to make its place of public accommodation fully accessible to persons with disabilities on a full and equal basis in violation of 42 U.S.C. § 12182(a) and the regulations promulgated thereunder, including the ADAAG, as described above. Plaintiff Hillesheim has been denied full and equal access to "Econo Lodge" and/or has been denied the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations on a full and equal basis.

44.     Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. Defendant's violations of the ADA and ADAAG are ongoing.

45.     Defendant has failed to remove architectural barriers to full and equal access by Plaintiff Hillesheim, even though removing the barriers is readily achievable.

46.     Plaintiff Hillesheim plans to visit "Econo Lodge" again in the near future. Plaintiff is without adequate remedy at law, has suffered and is suffering irreparable harm, and reasonably anticipates that he would suffer irreparable harm upon his planned visit to "Econo Lodge" unless and until Defendant is required to remove the physical barriers to access and ADA violations that exist at Defendant's place of public accommodation, including those set forth specifically herein.

47.     This Court has authority under 42 U.S.C. § 12188 to grant Plaintiff injunctive relief, including an order requiring Defendant to make "Econo Lodge" readily accessible to and independently usable by individuals with disabilities to the extent required by the ADA and ADAAG, and/or to close "Econo Lodge" until such time as Defendant cures the access barriers.

48.     Plaintiff has retained the undersigned counsel for the filing and prosecution of this action, and is entitled to recover reasonable attorneys' fees, litigation expenses and costs from Defendant, pursuant to 42 U.S.C. §§ 12205, 12117, and 28 C.F.R. § 36.505.

**WHEREFORE**, Plaintiff respectfully requests:

a.   That the Court issue a Declaratory Judgment that determines that Defendant's facilities, at the commencement of the instant suit, are in violation of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and the relevant implementing regulations including the ADAAG.

b.   That the Court issue a permanent injunction, pursuant to 42 U.S.C. § 12188(a)(2) and 28 C.F.R. § 36.504(a), enjoining Defendant from continuing its discriminatory practices; including an order directing Defendant to make all readily achievable alterations to its facilities so as to remove physical barriers to access and make its facilities fully accessible to and independently usable by individuals with disabilities to the extent required by the ADA; and also including an order requiring Defendant to make all reasonable modifications in policies, practices or procedures necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities on a full and equal basis.

c.   That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses, and costs of suit pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 36.505, or as otherwise provided by law; and

d.   That the Court issue such other relief as it deems just and proper, and/or is allowable under Title III of the ADA.

DATED:  June 7, 2017

/s/ Padraigin L. Browne
Padraigin L. Browne (MN Bar # 389962)
Browne Law LLC
8530 Eagle Point Blvd, suite 100
Lake Elmo, MN 55042
E-mail: paddy@brownelawllc.com
Phone: (612) 293-4805